## SUCCESSORS DE ESMORIS & CO. v. WHITNEY & BODDEN SHIPPING CO., Inc.

District Court, S. D. Alabama.
March 20, 1930.

Smith & Johnston, of Mobile, Ala., for libelant.

Pillans, Cowley & Gresham, of Mobile, Ala., for respondents.

ERVIN, District Judge.

The question for determination in this case is whether or not E. D. Flyn Export Company owning a $^{57}/_{128}$ interest in the schooner Resolute is entitled to take advantage of the limitation of liability provided for in section 18 of the Act of June 26, 1884 (46 USCA § 189), providing that the individual liability of the shipowner shall be limited to the proportion of any or all debts that his individual share bears to the whole.

The facts in the case are that a charter party of the vessel was made by Whitney & Bodden Shipping Company, one of the joint owners of the Resolute, representing the said schooner, the joint owners thereof, and operators of said schooner.

The answer of the Flyn Export Company says, "Respondents admit that on or about May 22nd, 1925, a charter party was execut-

ed between Whitney & Bodden Shipping Company, Inc., representing the said schooner and her owners, and the Mobile Export Company."

Pendleton v. Benner Line, 246 U. S. 353, 38 S. Ct. 330, 62 L. Ed. 770, holds that where the owner makes a charter party he cannot take advantage of the statute, because it was his personal contract.

Admitting the correctness of the proposition laid down in that case, it does not seem to me that the liability of the Flyn Export Company is determined thereby, for the charter party was not a personal contract of the Flyn Export Company but was that of the Whitney & Bodden Shipping Company.

The fact that the Whitney & Bodden Shipping Company was a joint owner does not make the other joint owners liable for its contract any more than if the contract had been made by the master or some other agent. The precise question was held in Warner v. Boyer (D. C.) 74 F. 873, where Judge Butler in holding that where one joint owner has turned over the management of the vessel to another joint owner, who makes contracts in reference to the vessel, that the first owner can take advantage of the statute while the other one cannot, and, in giving his reasons for this ruling, he says on page 874 of 74 F.,

"The object of the statute, as expressed in its title, is the encouragement of shipping, by limiting the liability of investors in such business. Theretofore the owners of vessels were liable in solido, for the acts of the master (who is their agent), for the contracts of co-owners (with whom their relations were similar to those of partners), as well as for faults of the crew, and of the vessel itself. The purpose of the statute was to relieve them from such responsibility beyond the proportion which their respective interests in the vessel bear to the debt or liability involved. Obligations assumed by their personal or direct contracts are not affected. Conceding that the supplies for the price of which this suit is brought were purchased by the master alone, it would not be suggested that the statute does not relieve them of liability beyond the proportions stated. Substantially, at least, they were so purchased. The management of the vessel had however been given to Mr. Boyer, who was aware of the purchases, as before stated, and the libelants claim that the contesting respondents are therefore to be treated as if they had personally made the purchases; that Boyer's knowledge vests them with knowledge because of his agency, as manager. He was

however no more their agent than the master would have been if the management had been left exclusively to him. He was authorized to attend to the business of the vessel just as a ship's husband or master may do, in the absence of other provision; but his acts in this respect are not the personal acts of the co-owners, and under the statute no more bind them beyond their due proportion of the indebtedness than do those of such husband or master. It is impossible to find a just reason for distinguishing between the effect of the acts of these several agents, as respects owners. The allowance of such a distinction as is set up would tend to defeat the object of the statute."

Judge Butler refers to the case of the Giles Loring (D. C.) 48 F. on page 475. Judge Webb in that case says:

"The well-known object of this statute was the increase of American shipping by a reduction of the burdens of ship-owners. That end would be promoted by discharging part owners from a liability in solido for the debts of each other. A construction giving such discharge is consistent with the language of the act, conforms with the intention of congress, and regards strictly the defect to be corrected."

The case of Warner v. Boyer is cited in the Great Lakes Towing Co. v. Mill Transportation Co. (C. C. A.) 155 F. 17, 22 L. R. A. (N. S.) 769, and that case was referred to in Pendleton v. Benner Line, 246 U. S. 357, 38 S. Ct. 330, 331, 62 L. Ed. 770.

In the Pendleton Case, the court, speaking through Justice Holmes, says:

"The contract was between human beings and the petitioner by his own act knowingly made himself a party to an express undertaking for the seaworthiness of the ship. That the statute does not limit liability for the personal acts of the owners done with knowledge is established by Richardson v. Harmon, 222 U. S. 96, 32 S. Ct. 27, 56 L. Ed. 110. It was said in that case, page 106 of 222 U. S., 32 S. Ct. 27, 56 L. Ed. 110, that section 18 leaves the owner 'liable for his own fault, neglect and contracts.' "

There is nothing in this language I can see which is at all inconsistent with the ruling of Judge Butler in the Warner Case, because it was not pretended that the Flyn Export Company personally signed or personally knew of or agreed to the terms of the charter party, and I agree with Judge Butler that the joint owner should be no more liable where the contract is signed by another joint

owner than if it was signed by the master or some other agent.

To construe it otherwise seems to me would be to emasculate the statute, for its very purpose was to separate the liability of the various joint owners one from the other.

For this reason I hold that the Flyn Export Company is entitled to take advantage of the provisions of the statute, and a decree will be so entered.